**Faruk KUCUKAYDIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–0922–ag.**

United States Court of Appeals, Second Circuit.

March 23, 2007.

James E. Swaine, Law Offices of James E. Swaine, New Haven, CT, for Petitioner.

Madelyn E. Jonson and Daniel F. Van Horn, Assistant U.S. Attorneys, for Jeffrey A. Taylor, U.S. Attorney, District of Columbia, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Faruk Kucukaydin, a native and citizen of Turkey, petitions for review of a February 8, 2006 decision of the BIA affirming Immigration Judge ("IJ") Matthew J. D'Angelo's grant of the government's motion to pretermit petitioner's applications for cancellation of removal and voluntary departure. *In re Faruk Kucukaydin,* No. A74 915 622 (B.I.A. Feb. 8, 2006), *aff'g* No. A74 915 622 (Immig. Ct. Hartford Mar. 9, 2005). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

Kucukaydin argues that the IJ violated his statutory and constitutional rights by finding "as a matter of law," and without giving Kucukaydin an opportunity to present evidence on the issue that he did not have "good moral character," based on a prior decision of the BIA—in which the BIA had held that petitioner and his wife had not proven that their marriage was bona fide.[1]

We need not reach the question of whether, if true, the facts alleged by Kucukaydin would support granting his petition for relief, because his allegations are not supported by the record.

The record belies Kucukaydin's contention that he was presented with "no opportunity" to present evidence to counteract the negative evidence of lack of good moral character derived from the facts that un-

---

1. Under the statutes, a finding of no "good moral character" precludes eligibility for either form of relief requested by petitioner. *See* 8 U.S.C. § § 1229b, 1229c.

**56**

derlay the BIA's original decision. The IJ asked Kucukaydin whether he was interested in putting on evidence in opposition to the motion to pretermit, and Kucukaydin, through his attorney, rejected the opportunity stating that the petitioner would rest on the record. In addition, before ruling on the motion, the IJ allowed Kucukaydin's attorney to make an offer of proof as to what Kucukaydin's full case on the applications would have been.

Nor did the IJ hold that the BIA's decision established as a *matter of law* that Kucukaydin did not have "good moral character" and therefore was not eligible for relief. Rather, the IJ repeatedly explained that it was "exercis[ing] its *discretion*" in making the lack of good moral character ruling. Moreover, the IJ based its decision not only on the earlier decision of the BIA, but also on all the evidence, including some proffered by Kucukaydin.

For the foregoing reasons, the petition for review is DENIED, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.